IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT PECK,

                Plaintiff,

vs.                              Case No. 11-2270-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

                Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. The matter has been fully briefed by the parties.

## I.  General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On December 21, 2009, administrative law judge (ALJ) William G. Horne issued his decision (R. at 15-21). Plaintiff alleges that he has been disabled since December 15, 2000 (R. at 15). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since January 25, 2007, the application date (R. at 17). At step two, the ALJ found that plaintiff had the following severe impairments: anxiety disorder, a seizure disorder and substance abuse in remission (R. at 17).

At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 17). After determining plaintiff's RFC (R. at 18), the ALJ determined at step four that plaintiff has no past relevant work (R. at 20). At step five, the ALJ determined that other jobs exist in significant numbers in the national economy that plaintiff could perform (R. at 20-21). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 21).

**III. Are the ALJ's findings regarding plaintiff's mental limitations and use of alcohol or drugs supported by substantial evidence?**

In his decision, the ALJ found, under part B of the psychiatric review technique (PRT) form, that plaintiff had mild limitations in activities of daily living, mild limitations in maintaining social functioning, moderate limitations in maintaining concentration, persistence or pace, and no episodes of decompensation (R. at 18).[1] The ALJ further determined that plaintiff's mental impairments did not meet or equal listed impairment 12.09 (substance addiction disorders) (R. at 17-18). However, the ALJ cited to no medical or medical opinion evidence in support of these findings.

The record contains three psychiatric review technique (PRT)

---

[1] These findings in the four broad functional areas are required by 20 C.F.R. § 404.1520a(e)(4).

forms (R. at 455-468, 637-650, 651-664).  None of the opinions expressed on any of the three PRT forms were mentioned or discussed by the ALJ in his decision.  An ALJ must evaluate every medical opinion in the record.  <u>Hamlin v. Barnhart</u>, 365 F.3d 1208, 1215 (10th Cir. 2004).  Even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored.  Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3.  It is clear legal error to ignore a medical opinion.  <u>Victory v. Barnhart</u>, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005).

   According to SSR 96-8p:

> If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

1996 WL 374184 at *7.  According to the regulations, 20 C.F.R. § 404.1527(f)(2)(i) states that ALJ's must consider findings of nonexamining state agency medical and psychological consultants.  Furthermore, 20 C.F.R. § 404.1527(f)(2)(ii) states that unless the treating source opinion is given controlling weight (which did not occur in this case), the ALJ "must" explain in the decision the weight given to the opinions of state agency medical or psychological consultants.  SSR 96-6p reiterates that ALJs may not ignore the opinions of state agency consultants, and must explain the weight given to these opinions in their decisions.

1996 WL 374180 at *1, 2.  For this reason, the ALJ clearly erred by failing to discuss the opinions expressed on these three PRT forms.

Furthermore, none of the PRT forms contained in the record support the ALJ's findings regarding plaintiff's limitations in the four broad functional areas.  Dr. Schulman opined on June 20, 2006 that plaintiff had mild limitations in activities of daily living and marked difficulties or limitations in: 1) maintaining social functioning, and 2) maintaining concentration, persistence or pace (R. at 647).  In addition, Dr. Schulman opined that plaintiff's impairments meet listed impairment 12.09 (substance addiction disorders) (R. at 637), although he further stated that, if not for alcohol, plaintiff would be functional and vocationally active (R. at 649).  The ALJ, in finding that listed impairment 12.09 was not met, never discussed Dr. Schulman's contrary opinion on this subject.  Furthermore, the ALJ erroneously stated that there was no medical evidence in the record that a listed impairment was met or equaled because there was no medical evidence that plaintiff had marked limitations in social functioning or in maintaining concentration, persistence or pace (R. at 17).

The ALJ also ignored the opinion of Dr. Adams, who indicated on August 8, 2006 in another PRT form that there was insufficient evidence to determine plaintiff's mental limitations (R. at 651,

7

661, 663). A third PRT form, which is undated and unsigned, found that plaintiff's mental impairments were severe, but would not last for 12 months (R. at 455). In the four functional areas, it indicated that plaintiff had no restrictions in activities of daily living, and only mild difficulties with: 1) maintaining social functioning, and 2) maintaining concentration, persistence or pace (R. at 465).[2] These findings, never mentioned by the ALJ, also do not correlate with the ALJ's findings.

Defendant argues that the ALJ did not err by failing to mention the PRT form by Dr. Schulman because it was prepared on June 20, 2006 for a prior application, and predated the application date of January 25, 2007 (Doc. 12 at 9). However, in the case of <u>Hamlin v. Barnhart</u>, 365 F.3d 1208, 1215 (10th Cir. 2004), the court held as follows:

> Finally, even if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be

---

[2]The record contains other documents indicating that Dr. Cohen may have prepared this PRT form. The undated and unsigned PRT form opined that "Assuming he is able to continue abstaining, it is reasonable to anticipate improvement to the point that he could be expected to resume some form of employment. Therefore this will be a durational denial to February, 2008" (R. at 467). One document indicates that Dr. Cohen prepared a PRT form for duration denial on June 5, 2007 (R. at 450). A second document, dated September 7, 2007, stated that "Dr. Cohen's duration to some type of employment by 02/2008 remains current and is affirmed as written" and is signed by Dr. McRoberts (R. at 479). However, the ALJ failed to reference or discuss either the PRT form or any of these documents in his decision.

> considered by the ALJ.  See <u>Groves v. Apfel</u>, 148 F.3d 809, 810-11 (7th Cir.1998) (evidence submitted in earlier application for benefits is relevant to subsequent disability application when determining whether claimant is disabled by a progressive condition); <u>Frustaglia v. Sec'y of Health & Human Servs.</u>, 829 F.2d 192, 193 (1st Cir.1987) (per curiam) ("[A]n ALJ is entitled to consider evidence from a prior denial for the limited purpose of reviewing the preliminary facts or cumulative medical history necessary to determine whether the claimant was disabled at the time of his second application.").

Thus, a medical opinion expressed several months before an alleged onset date is relevant evidence that must be considered by the ALJ.  <u>Lackey v. Barnhart</u>, 127 Fed. Appx. 455, 458 (10th Cir. April 5, 2005).

Finally, defendant argues that Dr. Schulman's 2006 PRT form was contradicted by his opinion provided on May 7, 2009 (Doc. 12 at 9-10).  However, the ALJ never mentioned the May 7, 2009 report by Dr. Schulman.  As a general rule, the court will not engage in the task of weighing this evidence in the first instance, <u>Clifton v. Chater</u>, 79 F.3d 1007 at 1009; <u>Neil v. Apfel</u>, 1998 WL 568300 at *3 (10th Cir. Sept. 1, 1998).  An ALJ's decision should be evaluated based solely on the reasons stated in the decision.  <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1084 (10th Cir. 2004).  A decision cannot be affirmed on the basis of appellate counsel's <u>post hoc</u> rationalizations for agency action. <u>Knipe v. Heckler</u>, 755 F.2d 141, 149 n.16 (10th Cir. 1985).  A reviewing court may not create <u>post hoc</u> rationalizations to

9

explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). By considering legal or evidentiary matters not considered by the ALJ, a court risks violating the general rule against post hoc justification of administrative action. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

Furthermore, even if the court were to consider Dr. Schulman's report of May 7, 2009, the ALJ's finding that "plaintiff's substance abuse is in remission" (R. at 17), is clearly contradicted by Dr. Schulman's May 7, 2009 statement that plaintiff "is and continues to be a heavy binge drinker" (R. at 502). Dr. Schulman's opinion is supported by treatment records dated June 19, 2008, September 16, 2008, December 15, 2008 and March 16, 2009 diagnosing plaintiff with alcohol dependence with "persistent episodes of drinking to excess" (R. at 497, 495, 493, 491). In his decision, the ALJ also failed to mention these diagnoses in the treatment notes; this is significant in light of the ALJ's contrary finding that plaintiff's substance abuse was in remission. In addition, Dr. Schulman indicated on May 7, 2009 that plaintiff required "restrictions in public interaction" and "work with social limitations" (R. at 502); without explanation, these limitations were not included in the ALJ's RFC findings.

In summary, the ALJ's findings regarding plaintiff's

limitations in the four broad functional areas and his finding that plaintiff's impairments do not meet 12.09 are not supported by any of the medical opinion evidence that specifically addressed these issues.[3]  The ALJ clearly erred by failing to even mention any of the medical opinion evidence that addressed these issues.  Furthermore, none of the medical opinion evidence set forth above matches the ALJ's findings.  Thus, the ALJ failed to offer any explanation for making numerous findings that conflict with the medical opinion evidence.  The ALJ's failure to consider a large body of medical evidence, including the medical opinions expressed in three PRT forms, Dr. Schulman's 2009 report, or the treatment notes in 2008-2009 cannot be considered harmless error.  Therefore, this case shall be remanded in order for the ALJ to consider all of the medical opinion evidence and make new findings regarding plaintiff's mental limitations and whether plaintiff's limitations meet or equal listed impairment 12.09.

    IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

---

[3]Although the ALJ did cite to a consultative evaluation by Dr. Mintz on May 19, 2007 (R. at 19), Dr. Mintz offered no opinions regarding plaintiff's limitations in the four broad functional areas, and did not offer an opinion as to whether plaintiff's impairments met listed impairment 12.09 (R. at 446-449).

Dated this 17th day of April 2012, Topeka, Kansas.

                      s/ Sam A. Crow
                      Sam A. Crow, U.S. District Senior Judge